UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MALVERN L. LEWIS,

    Petitioner,

v.

CHARLES WARREN, et al.

    Respondents.

Civil Action No. 13-3705-BRM

**OPINION**

**MARTINOTTI, DISTRICT JUDGE**

  Before this Court is the Petition for Writ of Habeas Corpus ("Petition") filed by Petitioner Malvern L. Lewis ("Petitioner") for relief under 28 U.S.C. § 2254. The Court previously reviewed the Petition, the records of proceedings submitted by Respondents, the Answer and Petitioner's Traverse, and found that the Petition was time-barred. (Order (ECF No. 18) at 3.) The Court issued an order to show cause, directing Petitioner to submit any argument on why the Petition should not be dismissed as time-barred. (*Id.* at 6.) The Court also directed Respondents to submit the record from the state court proceedings to determine if there were further delays that would support Petitioner's request to toll the statute of limitations period. (*Id.*) Presently before the Court are the parties' responses to the Court's order. (*See* Pet'r's Resp. (ECF No. 22) & Resp't's Resp. (ECF No. 23).) Having considered the responses, the Court now dismisses the Petition as time-barred.

  In its order to show cause, the Court directed Petitioner to:

> submit any arguments, supported by evidence, why equitable tolling should apply, other than the argument already discussed [in this order]. Petitioner may also raise any other argument as appropriate with regard to the timeliness of the Petition. Petitioner is hereby notified that if there were delays during his PCR proceedings that

> would have further shortened his limitations period, he must also account for those delays, and the Court will consider any such delays in its final ruling.

(ECF No. 18 at 6.) Instead of presenting new arguments for equitable tolling, Petitioner rehashes the argument the Court already rejected in the order to show cause, finding that a short delay, caused by prison officials when obtaining a prison account statement needed for Petitioner's *in forma pauperis* application, did not warrant equitable tolling. (*Compare* ECF No. 18 at 3-4 *with* ECF No. 22 at 7.) He also challenges this Court's integrity, questioning why his case has been reassigned twice when it was initially assigned to the Honorable Joel A. Pisano, who has since retired. (*See* ECF No. 22 at 4-5.) Indeed, none of this is responsive to the Court's order to show cause.

Petitioner then argues that Judge Pisano had previously found the Petition timely. (*Id.* at 3.) The Court has carefully reviewed the docket, and finds no basis for his argument. For support, Petitioner relies on the order to answer issued by Judge Pisano. (*See* Order, Nov. 12, 2013 (ECF No. 5).) In that order, Judge Pisano stated he "examined the Petition and determined that dismissal prior to submission of an answer and the record [was] not warranted." (*Id.* at 1.) Petitioner argues that this statement essentially presumed the Petition was timely. The Court fails to see how that statement can be construed in any way as making a finding on the timeliness of the Petition. Oftentimes, without the state court record, for which federal district courts rely on the state respondents to provide, it is impossible to determine the timeliness of a petition. As such, the Court finds that its order to show cause did not contradict any earlier holdings by another judge in this matter.

Finally, Petitioner directs this Court's attention to his diagnosis of schizophrenia. (*See* ECF No. 22 at 8.) The Court acknowledges that Petitioner had made it aware of his mental

condition on October 14, 2014, by submitting a "Notice of Medical Report." (ECF No. 15.) However, the medical report was dated June 25, 2014, well after this Petition was filed. (*See* ECF No. 15 at 1.) Petitioner claims to have been diagnosed since December of 2010 (ECF No. 22 at 8), but provides no documentary proof of the diagnosis—indeed, Petitioner makes no mention of his schizophrenia in the Petition or in his Traverse, both filed before his unprompted "Notice of Medical Report." Regardless, "[m]ental incompetence is not a *per se* cause for equitable tolling." *Champney v. Sec. Pa. Dep't of Corr.*, 469 F. App'x 113, 117 (3d Cir. 2012). "For tolling to be appropriate, the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely action," and "the burden [is] on the petitioner to demonstrate with particularized description the causal relationship between the mental deficiency and failure to timely file the petition[.]" *Id.* (citations omitted). Significantly, a petitioner's "participation in court proceedings over an extended period of time [would] compel the conclusion that the extraordinary remedy of equitable tolling is not warranted[.]" *Id.* at 118.

Here, the Petition was filed in June of 2013. Throughout the course of this proceeding, Petitioner has repeatedly demonstrated his ability to grasp the legal concepts relevant to his habeas claims, and has made numerous filings that show he was and is mentally capable of litigating his case. Indeed, if the schizophrenia that was diagnosed as early as December of 2010 was so debilitating, Petitioner should not have been able to file this response to the order to show cause. Notably, Petitioner has not shown how his schizophrenia *prevented* him from making a timely filing of the Petition, when he has time and again been able to meet the much tighter deadlines imposed by this Court in this matter. Under these facts, the Court finds that Petitioner's alleged mental incompetence did not prevent him from making a timely filing of the Petition, and equitable tolling is not warranted. *See Todish v. Cigna Corp.*, 206 F.3d 303, 306 (3d Cir. 2000) (relying on

evidence showing that the plaintiff had been able to pursue her legal claims, despite having a history of mental problems, as proof that she had the ability to understand her legal rights and to institute legal action within the statute of limitations period).

Beyond the delays the Court found in the prior opinion, subsequent records submitted by Respondents in their response to the order to show cause reveal at least one additional delay occurred during Petitioner's PCR proceedings. As the record reflects, Petitioner's PCR application was denied by the trial court on May 19, 2009. (Resp't's Resp. (ECF No. 23-1) at 2.) Under state law, he had 45 days, or until July 3, 2009, to file a timely appeal. *See* N.J. Ct. R. 2:4-4(a); *Lombardi v. Masso*, 207 N.J. 517, 540-41 (2011). However, he did not file his notice of appeal until January 19, 2010, (ECF No. 23-1 at 3), causing his one-year limitations period to run for 200 additional days. *See Swartz v. Meyers*, 204 F.3d 417, 423 n.6 (3d Cir. 2000) ("We . . . agree that the time during which Swartz's nunc pro tunc request for allowance of appeal was pending does not toll the statute of limitation."). Factoring these 200 days, even if the Court was to grant Petitioner equitable tolling for the aforementioned short delay caused by prison officials, the Petition would still be untimely. As discussed, the Court provided notice to Petitioner to make equitable tolling arguments regarding any potential delays during the PCR proceedings, and he has not done so.[1]

Because the Court raised the timeliness issue *sua sponte*, the Court must now analyze whether dismissal on the statute of limitations ground would unduly prejudice Petitioner. (*See* ECF No. 18 at 2 (citing *Day v. McDonough*, 547 U.S. 198, 210 (2006); *United States v. Bendolph*,

---

[1] To the extent Petitioner blames his PCR attorneys for the late appeal, "attorney malfeasance or non-feasance is typically not an 'extraordinary circumstance' which justifies equitable tolling." *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (citing *Schlueter v. Varner*, 384 F.3d 69, 76 (3d Cir. 2004)); *see Valerio v. United States*, No. 15-1906, 2015 WL 4086577, at *3 (D.N.J. July 6, 2015). An attorney's miscalculation of the filing deadline is not a ground for equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007); *Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001).

409 F.3d 155, 158 (3d Cir. 2005)).) In determining what constitutes prejudice, courts should consider whether the defense would "(i) require the [aggrieved party] to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the [aggrieved party] from bringing a timely action in another jurisdiction." *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Here, there is no prejudice to Petitioner in dismissing his Petition as time-barred. No discovery has occurred in this case, and no discovery request has been filed with the Court. Indeed, ordinarily, discovery is not allowed in § 2254 cases unless the Court finds good cause to authorize it. *See* Rule 6, Rules Governing Section 2254 Cases; *Cullen v. Pinholster*, 563 U.S. 170, 182 (2011). The delay in raising the statute of limitations issue also does not affect Petitioner's rights in any other case, as this Court is the only court with jurisdiction to adjudicate Petitioner's habeas claims. There is also no showing that Petitioner's ability to defend his case was impaired; Petitioner was given an opportunity to respond to the timeliness argument, and he filed a response. Accordingly, the Petition is dismissed as time-barred.

Lastly, the Court denies a certificate of appealability ("COA"). Federal law provides that an appeal may not be taken to the court of appeals from a final order in a § 2254 proceeding unless a judge issues a COA on the ground that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In *Slack v. McDaniel*, 529 U.S. 473, 474 (2000), the United States Supreme Court held:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue . . . if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

5

Here, the Court denies a COA pursuant to 28 U.S.C. § 2253(c) because jurists of reason would not find it debatable that dismissal of the Petition is correct.


**Date: May 5, 2017**                                       */s/ Brian R. Martinotti*
                                                            **HON. BRIAN R. MARTINOTTI**
                                                            **UNITED STATES DISTRICT JUDGE**